445 So.2d 167 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Willie MEARS, Defendant-Appellant.
No. CR83-625.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
Writ Denied March 16, 1984.
*168 Carl A. Leckband, Jr., Miguez & Leckband, Lake Charles, for defendant-appellant.
Leonard K. Knapp, Jr., Dist. Atty., and Karen L. Price, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before FORET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
Willie Leroy Mears was charged by bill of information with negligent homicide, a violation of LSA-R.S. 14:32. He waived trial by jury and elected to be tried by judge alone. He was found guilty and sentenced to serve three years in the custody of the Department of Corrections. The defendant appeals on the following assignments of error:
1. The trial court erred in denying defendant's motion for a new trial because the verdict was contrary to the law and evidence; and
2. The trial court erred in denying defendant's motions for directed verdict and acquittal.

FACTS
On June 26, 1982 at approximately 9:00 p.m., as Bryan Settles, his wife Rita Settles, their young son, and John Meek were leaving the Green Acres Quick Stop on Old Town Road in Calcasieu Parish, a man later identified as the defendant, Willie Leroy Mears, asked if he could follow them home because his car had no headlights. Bryan Settles refused. Nevertheless, the defendant followed them down Old Town Road without headlights. The Settles noticed the defendant following them at a distance of approximately forty feet, swerving from side to side. The night was dark and moonless. The road had two lanes, was paved and had dirt shoulders.
Meanwhile Rocky Cook, the victim, and his companion, Ricky Hawkins, were walking in the opposite direction to the Green Acres store. They were walking in the right lane with the flow of traffic. Hawkins and Cook waited for a truck to pass in the left lane then began jogging across the road to the left lane. They did not see the defendant's unlit car until it was almost on them. Hawkins leaped for the ditch and escaped unharmed. The defendant struck Cook in the left lane, hurling his body into the right lane of traffic near the center line. The defendant did not stop. Luke Hadnot, who was driving a truck in the right lane of traffic, noticed the defendant had no headlights when he met him. Hadnot glanced at defendant's vehicle, veered away from the center line and then looked back into his lane of traffic. Hadnot saw an object in his lane of traffic that he thought was a cardboard box lying in the center of the road. He attempted to straddle the object rather than hit it. It was not until Hadnot passed over the object that he realized it was a human being.
Meek saw the defendant hit Rocky Cook and told Settles. Settles pulled off the road and saw the defendant hesitate and then quickly accelerate his car past his (Settles') truck. Settles followed the unlit car for approximately one mile until he obtained the license number of the defendant's vehicle.
Settles and Meek returned to the scene of the accident and reported the license number to the policemen who had arrived. The investigating officer, Sergeant Joe Valenti, acting on information received at the scene of the accident, drove to a sand pit in the area searching for the defendant. He found the defendant at the sand pit standing near a car fitting the description given him. Valenti observed what appeared to be pieces of hair, flesh, and blood on the left front side of the vehicle. The car's headlight control mechanism had been detached from the dashboard and was lying on the back seat along with alcoholic beverage containers.
The police transported the defendant back to the scene of the accident where Bryan Settles identified him as being the *169 same person who followed his truck from the Green Acres store. The defendant refused to take a P.E.I. test. Two state troopers then administered a field sobriety test and concluded that the defendant was unstable on his feet, thick tongued, uncooperative, and exuded a strong odor of alcohol.
Samples of what appeared to be human hair and tissue were removed from defendant's vehicle and submitted to the Southwest Louisiana Crime Lab for examination. It was determined that the hair was from the human limb of a caucasian, and, although the tissue could not be positively identified as skin, it was noted that this tissue was attached to the limb hair.
An autopsy was performed and it was determined that Rocky Cook died of massive traumatic injuries typical of an upright pedestrian being struck by a car bumper. The examining pathologist concluded that the fatal injuries had been inflicted by the initial impact.

MOTION FOR ACQUITTAL
The defendant contends that the trial court erred in denying his motion for acquittal.
A motion for acquittal is provided by LSA-C.Cr.P. Art. 778 which states in pertinent part:
"In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction."
The denial of such a motion may be reversed on appeal only if there is no evidence of the crime or an essential element thereof or where the denial is a palpable abuse of discretion. State v. Hargrave, 411 So.2d 1058 (La.1982).
The defendant contends that the State failed to prove an essential element of the offense, namely the identity of the victim. Negligent homicide is defined in LSA-R.S. 14:32 as follows:
"Negligent homicide is the killing of a human being by criminal negligence."
It is clear from the above definition of negligent homicide that the identity of the human being killed in negligent homicide is not an element of the offense. Further, the record clearly establishes the identity of the victim as being Rocky Cook. The record fully supports the conviction of the defendant.
This assignment of error is without merit.

MOTION FOR NEW TRIAL
The defendant contends that the trial court erred in denying his motion for a new trial in that the verdict was contrary to the law and the evidence as provided by LSA-C.Cr.P. Art. 851(1). The defendant's motion is premised on two contentions: (1) that the State failed to present sufficient evidence to prove beyond a reasonable doubt that the defendant committed the crime; and, (2) that defendant's actions on the night of the accident did not constitute criminal negligence.
The defendant asserts that there was insufficient evidence to establish that he was driving the automobile which struck and killed the victim. The basis for his contention is certain inconsistent statements in the evidence. Bryan Settles, who initially saw the defendant at the Green Acres store, and Ricky Hawkins, the victim's companion, identified the defendant during their testimonies as being the same person that the police apprehended on the night of the accident, but that he was not clean shaven as he appeared in the court room. Pictures taken of the defendant on the evening of the accident show the defendant to be clean shaven. The other inconsistency involves the description of defendant's automobile. Settles described the car which followed him from the Green Acre store as being a red Ford Fairlane with a black vinyl top. The defendant's car as depicted in police photographs was a green Oldsmobile Cutlass with a white top.
*170 The standard of review of sufficiency of the evidence is whether a rational trier of fact, accepting the facts in a light most favorable to the prosecution, could have found the defendant guilty of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Brown, 421 So.2d 854 (La.1982).
Examination of the evidence in a light most favorable to the prosecution reveals that extensive evidence was introduced showing the identification of the defendant. Bryan Settles identified the defendant as the person who approached him at the Green Acres store and that the defendant followed his truck in a car with no headlights. Settles and the passengers in his truck realized a pedestrian had been struck. They pulled over and observed the defendant's car slow down, then speed up, leaving the scene of the accident. Settles followed the defendant's car for approximately a mile and secured the license number of his vehicle. After Settles gave the police the license number, Sgt. Valenti searched the area and found the defendant standing near the suspect automobile. Valenti brought the defendant back to the scene of the accident where Settles identified him as the driver of the car without headlights that followed him from the Green Acres store. At the trial, Trooper Gerald Singer, who was at the scene of the accident, Bryan Settles, and Ricky Hawkins, all identified the defendant as the same person that Sgt. Valenti brought back to the scene of the accident. The car the defendant was driving was damaged on the left front fender on the driver's side. In the damaged area of the vehicle there was blood, tissue, and human hair of a Caucasion. The victim, Rocky Cook, was a young Caucasian male.
The defendant also asserts that his acts did not constitute criminal negligence. LSA-R.S. 14:12 states that criminal negligence exists when:
"... although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances."

Examination of the evidence in a light most favorable to the prosecution shows that the defendant was operating his automobile without headlights on a road without street lights on a very dark night. He had been drinking alcoholic beverages and failed a field sobriety test. He was drinking and driving under these conditions, swerving from side to side. As a result of these cumulative actions the defendant struck and killed Rocky Cook. The defendant's conduct constitutes a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.
This assignment of error is without merit.

DECREE
For the foregoing reasons the defendant's conviction and sentence are affirmed.
AFFIRMED.